IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANDREW CLARK III, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14 C 2136 |
| MUNCIPAL EMPLOYEES AT 50 W. WASHINGTON, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Andrew Clark III ("Clark") has utilized the printed form of 42 U.S.C. § 1983 Complaint to sue "Municipal Employees at 50 W. Washington," complaining of a state court order in a custody hearing to which he was not a party, nor was he present. According to Complaint ¶ IV the order that resulted from that custody hearing included a provision "that I can not have any contact with my 3 girls." Clark, who is in custody at Illinois River Correctional Center ("Illinois River"), has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

At the outset it should be noted that Clark's Application is incomplete in a critical respect called for by 28 U.S.C. § 1915 ("Section 1915"), which is headed "Proceedings in forma pauperis." Section 1915(b)(1) establishes a special type of in forma pauperis treatment applicable to prisoners such as Clark, under which they must pay the full amount of the filing fee in installments, for which purpose they must accompany their Application with a printout covering all transactions in their prison trust fund accounts "for the 6-month period immediately preceding the filing of the complaint." Clark has not done so. But although this Court could

appropriately require him to cure that deficiency and stick him with the cost of the entire filing fee to be paid in the future, under the circumstances described hereafter it will not do so.

Now to the merits. Clark's effort to enlist this federal court in the matter faces more substantive difficulties. Here is the relief that he seeks, as set out in Complaint ¶ V:

> The only relief I am seeking is to have my rights back as my children's father. The no contact order be removed and I Andrew Clark III and Amanda Hunt share custody over our 3 girls Fannie Andrea and Ronyae Clark with all fee's placed on the defendants.

That relief necessarily involves an attempted collateral attack on a state court judgment -- and 28 U.S.C. § 1738 entitles such a judgment to "the same full faith and credit" in this District Court as it has in the Illinois state court system.

Hence Clark must pursue the matter through the state courts, rather than asking this District Court to act as a super-appellate state court. That is not its role, for federal courts are courts of limited jurisdiction, authorized to act solely within the powers conferred by Congress. Accordingly both the Complaint and this action are dismissed, but without prejudice to Clark's pursuit of his goals through the state court system. As stated earlier, this Court will not impose on Clark the burden of a full filing fee because of his mistaken effort. Finally, both the Application and the Motion are denied as moot.

                                                     _____
                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date: March 27, 2014